IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

CINDY G.  CHAMPION,                                    :
                                                       :
                    Plaintiff                          :
                                                       :
        VS.                                            :
                                                       :        7 : 08-CV-160 (HL)
                                                       :
MICHAEL J. ASTRUE,                                     :
Commissioner of Social Security,                       :
                                                       :
                    Defendant.                         :

## ORDER

The plaintiff herein filed this Social Security appeal on December 12, 2008, challenging the

Commissioner's final decision denying her application for disability benefits, finding her not disabled

within the meaning of the Social Security Act and Regulations.  Jurisdiction arises under 42 U.S.C. §

405(g) and 42 U.S.C. § 1383(c).  All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this court must evaluate both whether the

Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the

correct legal standards to the evidence.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983);

*Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983).  The Commissioner's factual findings are deemed

conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable

person would accept the evidence as adequate to support the conclusion at issue.  *Cornelius v. Sullivan*,

936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  In reviewing the

ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute

its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the

[Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."

*Bloodsworth*, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five step sequential evaluation process.  20 C.F.R. § 404.1520.  In Step One, the Commissioner determines whether the claimant is working.  In Step Two, the Commissioner determines whether a claimant  suffers from a severe impairment which significantly limits his ability to carry out basic work activities.  At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations.  At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work.  Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

## ISSUES

I.    **Whether the ALJ failed to properly evaluate the opinion of plaintiff's treating psychiatrist.**

II.   **Whether the ALJ failed to properly assess the plaintiff's residual functional capacity.**

III.  **Whether the Appeals Council erred by failing to consider new and material evidence regarding the plaintiff's back condition.**

IV.   **Whether the ALJ failed to properly evaluate the plaintiff's past relevant work.**

### *Administrative Proceedings*

The plaintiff filed an application for disability insurance benefits on February 11, 2005.  (T-23). Her claim was denied initially and upon reconsideration.  (T-143-48).  A hearing was held before an ALJ in Thomasville, Georgia on April 26, 2007.  (T-629-67).  Thereafter, in a hearing decision dated May 16,

2007, the ALJ determined that the plaintiff was not disabled.  (T-10-2136-47).  The Appeals Council denied review on October 16, 2008, making the May 2007, decision the final decision of the Commissioner  (T-4-6).

### *Statement of Facts and Evidence*

The plaintiff was forty-three (43) years of age at the time of the ALJ's decision.  (T- 21, 53).  She has a GED and past relevant work experience as a waitress, machine operator, hand packer, pizza maker, receptionist, and fork lift operator.  (T-111).  As determined by the ALJ, Plaintiff suffers from severe impairments in the form of status post multiple lumbar surgeries with degenerative joint disease, chronic pain and depression.  (T-15).  She asserts that she became unable to work on July 2, 2003, due to back problems and "bad nerves".  (T-129).  The ALJ found that the plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and further, remained capable of performing of light work.  (T-20).  After receiving vocational expert testimony, the ALJ determined that the plaintiff could return to her past relevant work as a hand packer and she was thus not disabled.  (T-20).

### DISCUSSION

**I.   Did  the ALJ properly evaluate the opinion of plaintiff's treating psychiatrist**?

The plaintiff argues initially that the ALJ erred in evaluating the opinion of her treating psychiatrist, Dr.  Eugenio, who issued disabling limitations regarding plaintiff's mental abilities in 2005 and 2007.  Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner."  "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."  20 C.F.R. § 404.1527(e)(1).

In general, the opinions of treating physicians are given substantial or considerable weight

unless good cause is shown to the contrary.  *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11ᵗʰ Cir.

1986).  Good cause has been found to exist "where the doctor's opinion was not bolstered by the

evidence, or where the evidence supported a contrary finding.  We have also found good cause

where the doctors' opinions were conclusory or inconsistent with their own medical records."  *Lewis*

*v. Callahan*, 125 F.3d 1436, 1440 (11ᵗʰ Cir. 1997) (internal citations omitted).

As the *Lewis* court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's]

condition and the medical consequences thereof, not their opinions of the legal consequences of

[her] condition." *Id.*

　　In a functional assessment statement of plaintiff's mental abilities completed in October 2005,

Dr.  Eugenio rated plaintiff's work-related mental abilities as poor, with the exception of her ability to

understand and remember short instructions, carry out simple instructions, sustain an ordinary routine

without supervision, complete a normal work day or week, interact appropriately with the public, and

adhere to basic standards of cleanliness and neatness, for all of which Dr.  Eugenio ranked the plaintiff

in the "fair" category of mental ability.  (T-606-07).  He issued similar restrictions in an assessment

completed in April 2007.  (T - 608-623).  Treatment notes from Dr.  Eugenio in the record date from

2002 through 2007, and evidence treatment for depression and chronic pain syndrome.  (T - 186-88).

Certain treatment notes reference plaintiff's return to work, and that she was "doing okay" in terms of

her mental status.  (T - 169-72).

　　The ALJ reviewed Dr.  Eugenio's findings and thereafter stated that:

> the undersigned discounts Dr.  Eugenio's medical opinion because the
> course of treatment pursued by the doctor has not been consistent with
> what one would expect if the claimant were truly disabled, as the doctor
> has reported.  Mental status examinations through September 2005
> consistently showed minor symptoms of depression/anxiety and chronic
> pain syndrome, but there was no evidence of perceptual disturbances,
> aggressiveness/impulsiveness, manic mood swings, memory deficits, or

confusion/disorientation noted.  Further, later mental health treating
records showed the claimant was basically functioning without any
problems.  It was noted that she did continue to have some symptoms of
depression, but she reported she was doing pretty well overall.  Mental
status examinations consistently showed the claimant was alert and
oriented; judgment, attention and concentration, fund of knowledge, and
memory were all intact.  Also, she was not psychotic.  Therefore, the
undersigned finds Dr.  Eugenio's medical opinion is entitled to no
evidentiary weight, as he has provided no substantial objective evidence
to support his conclusion.

(T - 17).

The ALJ's conclusion that Dr.  Eugenio's opinion of disability should be discredited is

supported by substantial evidence.  The ALJ pointed to specific reasons for assigning no weight to Dr.

Eugenio's opinion, most importantly that his opinion was inconsistent with and in some instances

unsupported by his treatment notes.

**II.  Did the ALJ fail to properly assess the plaintiff's residual functional capacity**?

The plaintiff next argues that the ALJ failed to properly assess her residual functional capacity, in

that he failed to make a function-by-function assessment of her abilities to perform light work.  As the

Commissioner argues, the term "light work" encompasses certain function restrictions, which form the

basis of the ALJ's decision, and necessarily involves lifting no more than 20 pounds at a time with frequent

lifting or carrying of objects weighing up to 10 pounds, as well as a good deal of walking or standing or

sitting with some pushing and pulling of arm or leg controls.  20 C.F.R. § 404.1567(b).  There is no

indication in the record that this definition of light work was misunderstood or altered in either the hearing

or decision issued by the ALJ.

**III.  Did the Appeals Council err by failing to consider new and material evidence regarding the plaintiff's back condition?**

The plaintiff presented an MRI taken in June 2007 to the Appeals Council, and argues that the

Appeals Council erred in failing to consider this new evidence.[1]  The Appeals Council will review an

ALJ's decision only when it determines, after review of the entire record, including the new and material

evidence, that the decision is contrary to the weight of the evidence currently in the record.  20 C.F.R.

§ 404.970(b).  The new evidence must relate to the period on or before the ALJ's hearing decision.  *Id.*

Herein, the Appeals Council reviewed this evidence and made it part of the record, but ultimately found

no reason to review the ALJ's decision.  (T - 4-7).  The evidence at issue is a June 11, 2007, MRI record

that postdates the ALJ's May 16, 2007, decision, which marked the close of the relevant period under

consideration herein.  The new evidence does not relate back to the relevant period under consideration,

nor is it accompanied by any professional medical interpretation regarding its significance and relevance

to plaintiff's condition as it existed prior to May 16, 2007.  As the Commissioner argues, the presence of

an underlying back impairment is uncontested, while the real issue remains plaintiff's ability to perform

work-related activities.

**IV.  Did the ALJ fail to properly evaluate the plaintiff's past relevant work?**

Finally, the plaintiff argues that the ALJ erred in finding that she could perform her past relevant

work as a hand packer, and includes, albeit briefly,  multiple arguments in this regard.  Plaintiff points out

that the ALJ stated she could perform the hand packer work as it is generally performed in the national

---

[1] In *Ingram v. Comm'r. of Social Security Admin*., 496 F.3d 1253 (11th Cir. 2007), the Eleventh Circuit sought to clarify certain prior holdings in Social Security cases that addressed the consideration of new evidence.  The court found that "we understand *Keeton [v. Dep't. of Health and Human Serv.*, 21 F.3d 1064 (11th Cir. 1994)] to hold that a decision of the Appeals Council to deny review after refusing to consider new evidence is a part of the 'final decision' of the Commissioner subject to judicial review under sentence four of section 405(g)."  The court further found that "[w]e understand *Falge [v. Apfel,* 150 F.3d 1320 (11th Cir. 1998*)*] to hold that when a claimant challenges the administrative law judge's decision to deny benefits, but not the decision of the Appeals Council to deny review of the administrative law judge, we need not consider evidence submitted to the Appeals Council." Herein, the plaintiff appears to challenge both the ALJ's decision and the decision of the Appeals Council denying review, after it considered the new evidence at issue.

economy rather than as she performed the job, even though the job as generally performed in the national economy is medium level work, while plaintiff performed the job as light work, that her limitations in performing detailed work prevent her return to the hand packer job, and that the ALJ failed to consider the mental demands of the job.

As the Commissioner argues, if the plaintiff can perform the work either as she actually performed it or as it is generally performed, she is not disabled, and any drafting error on the part of the ALJ in pointing to past work as it is generally performed in the national economy was therefore harmless.  20 C.F.R. § 404.1560(b)(2).  In regard to consideration of the mental demands of the past work, the record reveals that the ALJ made inquiry of the Vocational Expert as to the mental demands of the work and asked the VE to assume various mental limitations, which the VE incorporated into his consideration of plaintiff's abilities.  (T - 658).  Finally, there is no indication that the limitations on plaintiff's ability to deal with detailed instructions would preclude a finding that she could to return to the work as she performed it.  (T - 656).

### *Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is hereby **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 1st day of March, 2010.

*s/   Hugh Lawson*
**UNITED STATES DISTRICT JUDGE**

7